IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIELLE M. VAUGHNS, #241333, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:24-cv-2123-S-BN |
| ERICA PITTMAN and KEVIN PITTMAN, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Danielle Vaughns, an inmate at the Kaufman County jail, submitted a filing *pro se* (on forms used by the jail to allow inmates to request services) that has been construed as civil rights complaint against two individual defendants. *See* Dkt. No. 3. Through the construed complaint, Vaughns seeks to bring criminal charges against the defendants for kidnapping her children and appears to request that the Court compel state officials to check on her children. *See id.*

The presiding United States district judge referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the construed complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Vaughns notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (as further explained below) offers Vaughns an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

## Discussion

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023). So consideration of "jurisdiction is always first." *Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) (cleaned up).

And, because "federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute," *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (cleaned up), "subject-matter delineations must be policed by the courts on their own initiative even at the highest level," *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (citations omitted).

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

And, because a plaintiff's Article III standing must also be shown at the outset of a case, "compliance with [either Section 1331 or 1332] is necessary but not sufficient for federal subject matter jurisdiction." *Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023). That is, Article III "[s]tanding is [also] a threshold issue that [a federal court must] consider before examining the merits." *Williams v. Parker*, 843

F.3d 617, 620 (5th Cir. 2016).

First, Vaughns's construed complaint has fairly been interpreted to assert violations of the Constitution. And, to the extent that Vaughns intends to establish federal question jurisdiction under Section 1331 by contending that the defendants violated the Constitution, "[a] plaintiff makes out a [42 U.S.C.] § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law.'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

So, where a complaint cites Section 1983 or the Constitution, or includes allegations plausibly related to either, but a plaintiff's facts do not demonstrate that a defendant acted under color of state law, a plaintiff cannot establish subject matter jurisdiction under Section 1331. *See Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. The district court was

required to dismiss the complaint." (citation omitted)).

Here, the Court may reasonably infer from the facts alleged that the defendants are private individuals and not state actor such that Vaughns fails to allege a Section 1983 claim against them and likewise fails to establish jurisdiction under Section 1983.

Another reasonable take on the construed complaint is that the individual defendants are employees of the Texas Department of Child Protective Services ("CPS").

"Sovereign immunity under the Eleventh Amendment precludes suits by private citizens against states in federal court." *Tawakkol v. Vasquez*, 87 F.4th 715, 718 (5th Cir. 2023) (citing *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019)).

So, "[a]bsent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F.4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 374, 276 (5th Cir. 2020)).

> Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). "[A] suit against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 581 U.S. 155, 166 (2017). Similarly, lawsuits brought against employees in their official capacity "represent only another way of pleading an action against an entity of which an officer is an agent," and they also may be barred by sovereign immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This bar extends not only to the state itself, but also to claims against "state officials" in their official capacity when the state is the real party in interest. *Id.*

*Lincoln v. Travis Cnty. Corr. Complex*, A-23-CV-1044-DII, A-23-CV-1085-DII, & A-

23-CV-1089-DII, 2023 WL 7554334, at *4 (W.D. Tex. Oct. 3, 2023) (citation modified; concluding that "Plaintiff's claims against Child Protective Services are barred in federal court by sovereign immunity" where "Plaintiff fails to identify any exception to sovereign immunity"); *see also Bogard v. Lowe*, SA-21-CV-00021-FB, 2022 WL 1050332, at *5 (W.D. Tex. Apr. 6, 2022) ("[C]hild protective services employees are state employees entitled to Eleventh Amendment immunity." (citing *Thomas v. Tex. Dep't of Family & Prot. Servs.*, 427 F. App'x 309, 312 (5th Cir. 2020) (per curiam); *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990))).

Because Vaughns fails to identify an exception to sovereign immunity that could allow a lawsuit against CPS employees to proceed in federal court, sovereign immunity is another reason why the construed complaint should be dismissed without prejudice for lack of subject matter jurisdiction. *See Lincoln*, 2023 WL 7554334, at *4; *see also Noble v. CPS – Fort Worth*, No. 4:20-cv-241-P-BP, 2020 WL 5505660, at *2 (N.D. Tex. Aug. 24, 2020) ("CPS, an agency of the State of Texas, has not consented to be sued by Noble and is immune from the claims she asserts here under the Eleventh Amendment to the United States Constitution. Therefore, her claims should be dismissed based on sovereign immunity."), *rec. accepted*, 2020 WL 5500269 (N.D. Tex. Sept. 11, 2020).

Similarly, to the extent that Vaughns requests that criminal charges be filed against the defendants, such a request cannot establish federal subject matter jurisdiction because Vaughns lacks standing to initiate a criminal prosecution.

"[D]ecisions whether to prosecute or file criminal charges are generally within

the prosecutor's discretion," so, as a private citizen, Vaughns has neither "standing to institute a federal criminal prosecution [nor the] power to enforce a criminal statute." *Gill v. State of Tex.*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021) ("It is a bedrock principle of our system of government that the decision to prosecute is made, not by judges or crime victims, but by officials in the executive branch.").

Next, to the extent that Vaughns requests that this Court compel state officials to check on her children, she seeks mandamus relief.

The federal mandamus statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

And, as this language makes clear, "the authority of district courts to issue a writ of mandamus pursuant to § 1361 only extends to federal officers, employees, or agencies. District courts do not have jurisdiction to grant mandamus relief [otherwise]." *Cowell v. Shames & Bynum, P.C.*, No. 1:17cv1207 (CMH/TCB), 2017 WL 8786970, at *1 (E.D. Va. Dec. 5, 2017) (citations omitted).

Finally, Vaughns has not established diversity jurisdiction under Section 1332 where the complaint both fails to properly establish the citizenships of the parties and includes allegations that raise a reasonable inference that each plaintiff's

citizenship is not diverse from each defendant's citizenship.

## Recommendation

The Court should dismiss this action for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2024

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE